IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT WHEELER,

                        Petitioner,                Case No. 3:96 CV 732-001

-vs-

                                                  MEMORANDUM   OPINION

UNITED STATES OF AMERICA,                  AND   ORDER

                        Respondent.

KATZ, J.

      Petitioner, Robert Wheeler, acting *pro se,* has filed a "Motion to Correct an Incorrect and/or Erroneous Interpretation of the Law Pursuant to F.R.Civ. P. 60(b)(6)" (Doc. No. 65), to which the Government has filed a response. (Doc. No. 66) For the reasons which follow, the Court will deny Petitioner's motion.

## BACKGROUND

      This case began in 1996 with a six count indictment filed in this District charging Wheeler with, among other things, destroying a motor vehicle by means of an explosive device, causing the death of Rhonda Wheeler, in violation of 21 U.S.C. §§ 33 and 844(1). Wheeler plead to the indictment (all counts) on February 5, 1997 and was sentenced on June 11, 1997 by Judge John W. Potter (now retired) to two (2) consecutive life terms.

      After a timely appeal, the Sixth Circuit affirmed his conviction and sentence on November 13, 1998. On February 22, 2000 Wheeler filed a motion to vacate his sentence pursuant to § 2255 raising several claims of ineffective assistance of trial counsel. Judge Potter denied that motion on September 5, 2000 (Doc. No. 63).

That leads to the instant pleading and memorandum in support thereof. The Government has responded in an exceptionally well-reasoned memorandum which contains a Statement of the Law. Thereafter, the Government addresses each of the multiple issues now before this Court. The Court will address each of those issues briefly.

## DISCUSSION

I. RULE 60(B) MOTION IS UNTIMELY AND INAPPLICABLE HERE

Wheeler claims that Judge Potter erroneously imposed a "special skills" sentencing enhancement of two (2) levels in violation of *U. S. v. Booker,* 125 S.Ct. 738 (2005).

All 60(b) motions must be filed not more than one year after the judgment, order, or proceeding to which such motion refers. This motion was filed five years after this Court's order denying § 2255 relief. It is, therefore, untimely and must be denied on that basis alone.

II. FEDERAL RULE OF CIVIL PROCEDURE 60(B) IS INAPPLICABLE TO WHEELER'S CRIMINAL SENTENCE

Clearly, Rule 60(b) is inapplicable to criminal actions, but applies only to civil actions. Rule 1 Fed. R. Civ. P. so states.

III. *BOOKER* DOES NOT IMPACT WHEELER'S SENTENCE.

In announcing its new rule, the Court in *Booker* specifically stated that its holding was applicable to cases pending on <u>direct</u> review and not retroactively. This Circuit has held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Thus, *Booker* has no impact on the instant matter.

IV. SECOND OR SUCCESSIVE § 2255 MOTION

Irrespective of the caption on this case, the Court will address it as a second or successive § 2255 petition. Before a petitioner may file a second or successive § 2255 motion, however, he

must obtain permission to do so from the Court of Appeals. No such authorization has been demonstrated.

## **CONCLUSION**

For all of the foregoing reasons, the Court denies Petitioner's motion (Doc. No. 65).

IT IS SO ORDERED.

                                                      s/ *David A. Katz*
                                                      DAVID A. KATZ
                                                      U. S. DISTRICT JUDGE