```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                    :
UNITED STATES OF AMERICA,           :      Case No. 3:96-CR-732
                                                    :
        Plaintiff-Respondent,              :
                                                    :
        v.                                          :      OPINION & ORDER
                                                    :      [Resolving Docs. 74 & 79]
ROBERT M. WHEELER,                     :
                                                    :
        Defendant-Petitioner                  :
                                                    :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this 28 U.S.C. § 2255 action, Defendant-Petitioner Robert M. Wheeler moves to vacate the sentence the Court imposed after his conviction for causing the death of Rhonda A. Wheeler.[1] Wheeler argues that, in light of *Johnson v. United States*,[2] his convictions under 18 U.S.C. § 924(c) for using a firearm during and in relation to a crime of violence are invalid.[3] The United States opposes Wheeler's motion[4] and moves to dismiss the petition.[5] For the following reasons, the Court **DENIES** Wheeler's motion and **GRANTS** the government's motion to dismiss.

**I. Background**

On February 5, 1997, Petitioner Wheeler pled guilty to a six-count indictment.[6] The indictment charged him with destroying a motor vehicle by means of an explosive device, thereby causing his wife Rhonda Wheeler's death, and included several violations of § 924(c)(1).[7] Under § 924(c)(1), a defendant faces a mandatory minimum sentence if he is

---
[1] Doc. 74.
[2] 135 S. Ct. 2551 (2015).
[3] Doc. 74 at 12.
[4] Doc. 77.
[5] Doc. 79.
[6] Doc. 34.
[7] Doc. 9.

Case No. 3:96-CR-732
Gwin, J.

convicted of using, carrying, and brandishing a firearm in relation to a "crime of violence."[8]

Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[9]

The first prong is called the "force clause," and the second prong is called the "residual clause." Wheeler's indictment did not implicate the "violent felony" mandatory-minimum sentencing provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On June 11, 1997, the district court sentenced Wheeler to two consecutive life sentences and five years of supervised release.[10] The Sixth Circuit affirmed Wheeler's conviction and sentence on November 13, 1998.[11]

Wheeler filed an initial § 2255 motion to vacate or correct his sentence on February 22, 2000, alleging ineffective assistance of counsel.[12] The district court denied his petition and denied a certificate of appealability.[13] On December 12, 2005, Wheeler filed a motion to correct an incorrect and/or erroneous interpretation of the law under Fed. R. Civ. P. 60(b)(6).[14] Among other reasons, the district court denied the motion because, even if construed as a § 2255 motion, Wheeler had not obtained permission from the Court of Appeals for a successive petition.[15] Wheeler filed another § 2255 motion to vacate, set aside, or correct a sentence on December 29,

---

[8] 18 U.S.C. § 924(c)(1)(A).
[9] 18 U.S.C. § 924(c)(3).
[10] Doc. 45.
[11] Doc. 58.
[12] Doc. 60.
[13] Doc. 63.
[14] Doc. 65.
[15] Doc. 67.

Case No. 3:96-CR-732
Gwin, J.

2014,[16] but the Sixth Circuit denied his application to file a second or successive §2255 petition.[17]

On May 11, 2016, Wheeler filed an application with the Sixth Circuit to file a third or successive § 2255 petition. Wheeler filed the instant § 2255 petition on June 14, 2016.[18] The Sixth Circuit denied Wheeler's motion for authorization to file a successive § 2255 petition on September 7, 2016.[19] The next day, the government filed a motion to dismiss Wheeler's successive § 2255 petition.[20]

## II. Legal Standard

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[21]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[22]

On June 26, 2015, the Supreme Court issued the *Johnson* opinion, holding that the definition of "violent felony" in the ACCA's § 924(e) residual clause was unconstitutionally

---

[16] Doc. 68.
[17] Doc. 73.
[18] Doc. 74.
[19] Doc. 79-1.
[20] Doc. 79.
[21] 28 U.S.C. § 2255(a).
[22] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

3

Case No. 3:96-CR-732
Gwin, J.

vague.[23] As a result, predicate felonies under the residual clause cannot be the basis for sentencing under the ACCA. *Johnson* does not address the constitutionality of the § 924(c) residual clause, under which Wheeler was convicted.

### III. Discussion

Petitioner Wheeler argues that because the § 924(c)(3)(B) residual clause under which he was convicted is "substantially similar" to the § 924(e) residual clause invalidated by *Johnson*, this Court must vacate his § 924(c) convictions and sentence.[24] Wheeler's argument loses.

First, Wheeler lacks appellate authorization to file his successive § 2255 petition. "A federal prisoner cannot file a second or successive § 2255 motion to vacate in the district court unless the prisoner first obtains permission to do so from the court of appeals."[25] Wheeler has filed § 2255 petitions in February 2000[26] and December 2014,[27] so his June 2016 petition requires Sixth Circuit authorization. On September 7, 2016, the Sixth Circuit denied Wheeler's motion for authorization to file a second or successive motion to vacate.[28] Therefore, this Court cannot hear Wheeler's successive § 2255 petition.

Second, Petitioner Wheeler's *Johnson* argument fails on the merits. Wheeler argues that, in light of *Johnson*, his convictions under § 924(c) are invalid because the § 924(c)(3)(B) "residual clause" is unconstitutionally vague. Wheeler's argument loses because the § 924(c)(3)(B) residual clause remains constitutional after *Johnson*, and therefore the residual clause sustains his conviction under § 924(c). In *Johnson*, the Supreme Court only addressed the ACCA's "residual clause" under § 924(e) and its definition of "violent felony."[29] The ACCA's

---

[23] 135 S. Ct. at 2563.
[24] Doc. 74 at 12-14.
[25] *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998).
[26] Doc. 60.
[27] Doc. 68.
[28] Doc. 79-1.
[29] 135 S. Ct. at 2563.

4

Case No. 3:96-CR-732
Gwin, J.

residual clause under § 924(e) is distinct from the residual clause under which Wheeler was convicted, § 924(c)(3)(B).[30] The Sixth Circuit recently rejected the claim that *Johnson* rendered § 924(c)(3)(B) unconstitutionally vague, emphasizing the different statutory language and judicial interpretations of the § 924(c)(3) and § 924(e) residual clauses.[31] Accordingly, *Johnson* does not invalidate the § 924(c)(3) residual clause or present valid grounds for vacating Wheeler's conviction under the same.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Wheeler's successive § 2255 petition and **GRANTS** the government's motion to dismiss. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[32]

IT IS SO ORDERED.

Dated: October 13, 2016        *s/     James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[30] *Compare* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that *by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*") (emphasis added) *with* 18 U.S.C. § 924(e)(2)(B)(ii) (defining, in part, a "violent felony" as a felony that "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*") (emphasis added).

[31] *United States v. Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016); *see also United States v. Hill*, No. 14-3872-CR, 2016 WL 4120667, at *10 (2d Cir. Aug. 3, 2016) (holding that § 924(c)(3)(B) residual clause remained constitutional after *Johnson*).

[32] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5