UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,      :    Case No. 3:96-CR-732
                                                :
       Plaintiff-Respondent,      :
                                                :
v.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. 81]
ROBERT M. WHEELER,             :
                                                :
       Defendant-Petitioner         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 5, 2000, Judge John W. Potter denied Defendant-Petitioner Robert M. Wheeler's 28 U.S.C. § 2255 petition to vacate his sentence. Judge Potter ruled that Wheeler's petition—filed eleven days late—was untimely. Wheeler now moves for relief from the 2000 judgment.[1] Wheeler argues that his petition was untimely because of ineffective habeas counsel.[2] He asks the Court to review his original § 2255 petition on the merits.[3]

For the following reasons, the Court **DENIES** Wheeler's motion.

## I. Background

On February 5, 1997, Petitioner Wheeler pled guilty to a six-count indictment.[4] The indictment charged him with destroying a motor vehicle by means of an explosive device, thereby causing his wife Rhonda Wheeler's death.

---

[1] Doc. 81.
[2] *Id.* at 3.
[3] *Id.*
[4] Doc. 34.

Case No. 3:96-CR-732
Gwin, J.

On June 11, 1997, the district court sentenced Wheeler to two consecutive life sentences and five years of supervised release.[5] The Sixth Circuit affirmed Wheeler's conviction and sentence on November 13, 1998.[6]

Wheeler filed an initial § 2255 motion to vacate or correct his sentence on February 22, 2000, alleging ineffective assistance of trial counsel.[7] The statute of limitations for Wheeler's petition had expired on February 11, 2000, and the district court therefore denied Wheeler's petition as untimely.[8] The district court did not consider the petition on the merits and denied a certificate of appealability.[9]

On December 12, 2005, Wheeler filed a Fed. R. Civ. P. 60(b)(6) motion to correct an incorrect and/or erroneous interpretation of the law.[10] Among other reasons, the district court denied the motion because Wheeler failed to file the motion within a reasonable time.[11]

Wheeler filed another § 2255 motion on December 29, 2014,[12] but the Sixth Circuit denied his application to file a second or successive §2255 petition.[13]

On May 11, 2016, Wheeler filed an application with the Sixth Circuit to file a third § 2255 petition. Wheeler filed the petition a month later.[14] The Sixth Circuit denied Wheeler's motion for authorization to file a successive § 2255 petition on September 7, 2016.[15] Accordingly, this Court denied Wheeler's petition on October 13, 2016.[16]

---

[5] Doc. 45. Judge John W. Potter sentenced Petitioner Wheeler.
[6] Doc. 58.
[7] Doc. 60.
[8] Doc. 63. At this time, the case was before Judge Potter.
[9] *Id.*.
[10] Doc. 65.
[11] Doc. 67. At this time, the case was before Judge David A. Katz.
[12] Doc. 68.
[13] Doc. 73.
[14] Doc. 74.
[15] Doc. 79-1.
[16] Doc. 80.

Case No. 3:96-CR-732
Gwin, J.

Petitioner Wheeler filed the instant Rule 60(b)(6) motion on April 7, 2017.[17] Wheeler seeks relief from the district court's 2000 order denying his § 2255 petition as untimely. Wheeler argues that his habeas attorney's failure to file the petition on time deprived Wheeler of his right to pursue an ineffective assistance of trial counsel claim.[18] The Government opposes.[19]

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[20]

Courts avoid granting relief from judgments due to "public policy favoring finality of judgments and termination of litigation."[21] In particular, courts only use Rule 60(b)(6) in exceptional or extraordinary circumstances, and only as a residual clause in cases that are not covered under the first five subsections of Rule 60(b).[22]

## III. Discussion

As an initial matter, the Court treats Wheeler's motion as a Rule 60(b) motion, not a successive habeas petition.

---

[17] Doc. 81. Petitioner Wheeler filed a traverse on June 5, 2017. Doc. 83.
[18] *Id.* at 3.
[19] Doc. 82.
[20] Fed. R. Civ. P. 60(b).
[21] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).
[22] *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).

Case No. 3:96-CR-732
Gwin, J.

In the collateral proceedings context, courts must decide whether a Rule 60(b) motion is effectively a successive habeas petition.[23] District courts lack the jurisdiction to hear successive § 2255 petitions without court of appeals authorization. Petitioner therefore cannot use Rule 60(b) to circumvent the requirements for filing a successive § 2255 motion.

When a post-conviction Rule 60(b) motion attempts to "add a new ground for relief" or directly challenges the constitutionality of an underlying conviction, courts treat the motion as a successive § 2255 habeas petition.[24] But where a motion attacks a "defect in the integrity of the federal habeas proceedings," rather than the court's resolution of a claim on the merits, courts treat the motion as a Rule 60(b) motion.[25]

Wheeler alleges a defect in the integrity of his initial habeas proceedings. He blames his habeas counsel for his first petition's tardiness and ultimate dismissal. Wheeler's motion does not seek to add a new ground for relief or directly attack his underlying conviction's constitutionality. Accordingly, the Court treats Petitioner Wheeler's instant motion as a Rule 60(b) motion.

The Court nevertheless denies Wheeler's Rule 60(b) motion for two reasons.

First, Wheeler's Rule 60(b)(6) motion is untimely. Motions under Rule 60(b)(6) must "be made within a reasonable time."[26] What constitutes a reasonable time depends on the facts of each case.[27] Wheeler filed the instant motion more than sixteen years after the district court's judgment. Wheeler fails to identify circumstances justifying this delay. Nor does his motion rely

---

[23] *See Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005) (noting that district courts only have jurisdiction over proper Rule 60(b) motions, not successive habeas petitions disguised as motions for relief).
[24] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2015); *In re Abdur'Rahman v. Bell*, 392 F.3d 174, 177 (6th Cir. 2004), *vac'd on other grounds*, 545 U.S. 1151 (2005).
[25] *Gonzalez*, 545 U.S. at 532.
[26] Fed. R. Civ. P. 60(c)(1).
[27] *In re Abdur'Rahman*, 392 F.3d at 185; *see also Days Inns Worldwide Inc. v. Patel*, 445 F.3d 899, 905-06 (6th Cir. 2006) (holding that trial court did not abuse discretion in finding that Rule 60(b)(4) motion filed eleven months after judgment was not filed within reasonable time).

4

on recent case law, which might excuse the delay.[28] Wheeler therefore did not file the motion "within a reasonable time."[29]

And even if Petitioner Wheeler's Rule 60(b)(6) motion were timely, Wheeler's case is not one of the "unusual and extreme situations where principles of equity mandate relief."[30] Wheeler argues that his habeas attorney was ineffective and failed to timely file his § 2255 motion. But there is no right to counsel for the prosecution of a § 2255 motion.[31] Wheeler was responsible for monitoring the status of his § 2255 motion. His habeas attorney's failure to file a timely § 2255 motion is not an extraordinary circumstance justifying Rule 60(b)(6) relief.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Wheeler's Rule 60(b)(6) motion for relief from the Court's judgment.

IT IS SO ORDERED.

Dated: July 11, 2017　　　　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[28] Doc. 81 at 2. The most recent Supreme Court decision cited by Wheeler's motion is from 2013.
[29] The Court notes that in 2005, Judge Katz denied Petitioner Wheeler's Rule 60(b)(6) motion seeking relief from the district court's 2000 judgment denying habeas relief. Doc. 67. Judge Katz emphasized that the 60(b) motion, filed five years after the district court's order, was untimely. *Id.* at 2.
[30] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).
[31] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today.").