UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 3:96-cr-00732 |
| Plaintiff, : | ORDER |
| vs. : | [Resolving Doc. 87] |
| ROBERT M. WHEELER, : |  |
| Defendant. : |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 5, 1997, Defendant Robert M. Wheeler pleaded guilty to a six-count indictment stemming from a car explosion that killed his wife.[1] On June 11, 1997, the Court sentenced Wheeler to life on each count.[2] On November 13, 1998 the Sixth Circuit affirmed Wheeler's sentence.[3]

Wheeler has filed multiple, unsuccessful 28 U.S.C. § 2255 motions.[4]

On April 16, 2019, Wheeler filed an application with the Sixth Circuit for permission to file another successive 28 U.S.C. § 2255 petition based on recent Supreme Court precedent.[5] On October 30, 2019, the Sixth Circuit authorized Wheeler's successive petition, finding that he made a *prima facie* showing that his convictions might now be invalid in light of recent Supreme Court decisions.[6]

---

[1] Doc. 34. The beginning of this case predates electronic filings. Only certain documents are available electronically.
[2] Doc. 45.
[3] Doc. 58.
[4] *See, i.e.*, Docs. 68 and 74.
[5] Doc. 85-1.
[6] *In re Robert Wheeler*, No. 19-3336 (6th Cir. Oct. 30, 2019).

Case No. 3:96-cr-00732
Gwin, J.

On October 31, 2019, Wheeler filed the instant 28 U.S.C. § 2255 motion to vacate his sentence.[7] The Government opposes.[8]

For the reasons stated below, the Court **GRANTS** Wheeler's motion.

## I. Background

### A. Underlying Crime and Plea

On April 8, 1996, Rhonda Wheeler, Defendant Wheeler's wife, got into her car to leave work. Her car then exploded.[9] Nine days and six major operations later, Rhonda Wheeler died from her injuries.[10] Wheeler later confessed that he had planted the bomb.[11]

Wheeler pleaded guilty to a six-count indictment.[12] Counts 1 and 3 were for the destruction of a motor vehicle causing a death in violation of 18 U.S.C. § 33, while Count 5 was for malicious damage to a motor vehicle by means of an explosive device causing a death in violation of 18 U.S.C. § 844(i).[13] Counts 2, 4, and 6 charged Wheeler with the use of a destructive device in relation to the crimes of violence charged in Counts 1, 3, and 5 in violation of 18 U.S.C. § 924(c)(1).[14]

The Court sentenced Wheeler to life on each count, with the sentences for Counts 1, 3, and 5 to be served consecutively to those for Counts 2, 4, and 6, effectively two consecutive life sentences.[15]

---

[7] Doc. 87.
[8] Doc. 91. Wheeler replied. Doc. 92.
[9] *United States v. Wheeler*, No. 97-3632, 1998 WL 808225, at *1 (6th Cir. Nov. 13, 1998).
[10] *Id.*
[11] *Id.*
[12] Doc. 34.
[13] Doc. 9.
[14] *Id.*
[15] Doc. 45.

Case No. 3:96-cr-00732
Gwin, J.

### B. Recent Supreme Court Precedent

More than twenty years after his sentencing, Wheeler says the Supreme Court's recent holding in *United States v. Davis* mandates the reversal of his convictions for Counts 2, 4, and 6 under 18 U.S.C. § 924(c).[16]

Previously, a conviction qualified as a "crime of violence" under 18 U.S.C. § 924(c) if it satisfied one of two alternative definitions. The first definition, under the elements clause, defines a "crime of violence" as a crime that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another[17]

The second definition of "crime of violence," referred to as the residual clause, states:

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[18]

*Davis* invalidated the second "crime of violence" definition, the residual clause, as unconstitutionally vague.[19]

In light of *Davis*, Wheeler argues that Counts 1, 3, and 5 no longer qualify as crimes of violence because they do not satisfy the only remaining definition of "crime of violence" under § 924(c)'s elements clause.[20] Wheeler says that his convictions under § 924 in Counts 2, 4, and 6, which charged him for the use of a destructive device in relation to the crimes of violence in Counts 1, 3, and 5, must therefore be overturned.[21]

## II. Discussion

---

[16] *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019).
[17] 18 U.S.C. § 924(c)(3)(A).
[18] 18 U.S.C. § 924(c)(3)(B).
[19] *Davis*, 139 S. Ct. at 2336.
[20] Doc. 87 at 33.
[21] *Id.* at 4.

-3-

Case No. 3:96-cr-00732
Gwin, J.

### A. Wheeler's Petition Is Properly Before the Court.

As a threshold matter, Wheeler may not bring this successive petition absent a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[22] Although several circuit courts have determined that *Davis* announced a new, retroactive, substantive rule,[23] neither the Supreme Court nor the Sixth Circuit have directly opined on the issue.[24]

The circuit courts that have found *Davis* to be a new, retroactive rule relied in part on Supreme Court precedent that held that the Supreme Court's earlier invalidation of a residual clause similar to that at issue in *Davis* should apply retroactively.[25] The Court agrees with the rationale of the aforementioned circuit courts and proceeds under the assumption that *Davis* announced a new rule that applies retroactively.[26] Wheeler is therefore entitled to bring this successive petition.

### B. The Court Applies the Modified Categorical Approach.

To succeed on his motion, Wheeler must show that his convictions in Counts 1, 3, and 5 do not meet the crimes of violence definition under 18 U.S.C. § 924(c)'s elements clause. To determine if convictions qualify as crimes of violence, courts apply the categorical approach and the modified categorical approach.[27]

"Under the categorical approach, a court 'focuses on the statutory definition of the

---

[22] 28 U.S.C. § 2255(h)(2).

[23] *See, e.g.*, *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019).

[24] Despite not opining directly on this issue, the Sixth Circuit granted Wheeler's application to file a successive § 2255 petition under § 2255(h)(2). Doc. 85.

[25] *Hammoud*, 931 F.3d at 1039; *Reece*, 938 F.3d at 635; *Bowen*, 936 F.3d at 1096.

[26] Both Wheeler and the Government argue that *Davis* should be considered retroactive. Docs. 87 at 32, 91 at 10-11. Furthermore, both parties agree that Wheeler's petition is timely. Docs. 87 at 37, 91 at 11.

[27] *Taylor v. United States*, 495 U.S. 575, 600 (1990).

-4-

Case No. 3:96-cr-00732
Gwin, J.

offense, rather than the manner in which an offender may have violated the statute in a particular circumstance.'"[28]  In doing so the Court must "assume the defendant's conviction rested upon nothing more than the least of the acts criminalized, and then determine whether such conduct would qualify as a crime of violence."[29]

If the defendant's conviction rests upon a divisible statute, one that characterizes "multiple versions of the crime with alternative elements," the Court applies the modified categorical approach and looks toward "a narrow category of documents to determine which portion of the statute the defendant violated."[30]  Such documents may include the indictment, plea colloquy, and jury instructions.[31]

To determine whether to apply the categorical or modified categorical approach, the Court must first analyze the text of the statutes underlying Wheeler's convictions in Counts 1, 3, and 5 to determine whether they are divisible.

In Counts 1 and 3, Wheeler suffered a conviction for the destruction of a motor vehicle under 18 U.S.C. § 33.  The text of that statute states, in relevant part:

> (a) Whoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the same, or with a reckless disregard for the safety of human life, damages, disables, destroys, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to, any motor vehicle which is used, operated, or employed in interstate or foreign commerce, or its cargo or material used or intended to be used in connection with its operation . . . shall be fined under this title or imprisoned not more than twenty years, or both.

---

[28] *U.S. v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016) (quoting *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013)).  Because the categorical approach focuses on the text of the statute rather than the particular means of violating the statute, the Court declines to wade into the parties' dispute regarding who legally owned the care that Wheeler's wife was driving when she died.  Docs. 92 at 21-23, 91 at 22-26.

[29] *United States v. Camp*, 903 F.3d 594, 599 (6th Cir. 2018) (quoting *United States v. Yates*, 866 F.3d 723, 728 (6th Cir. 2017) (cleaned up).

[30] *Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019).

[31] *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

-5-

Case No. 3:96-cr-00732
Gwin, J.

Wheeler's punishment under 18 U.S.C. § 33 was increased to life imprisonment by virtue of 18 U.S.C. § 34 which states:

> Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life.

In Count 5, Wheeler suffered a conviction for the use of a destructive device under 18 U.S.C. § 844(i), which states:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both; . . . and if death results to any person . . . as a direct or proximate result of conduct prohibited by this subsection, . . . shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment.

Both statutes of conviction are divisible because they contain alternative elements describing multiple crimes.[32] For instance, a defendant can violate 18 U.S.C. § 33 by either "damag[ing], disabl[ing], destroy[ing], or tamper[ing] with" a vehicle or by "plac[ing] or caus[ing] to be placed" a destructive device on a motor vehicle. And a defendant can violate 18 U.S.C. § 844(i) by "damag[ing] or destroy[ing]" or "attempt[ing] to damage or destroy" a "building, vehicle, or other real or personal property."

Additionally, each statute contains an aggravated form where, if the crime results in the "death of any person," the defendant is eligible for an increased punishment.[33] Courts

---

[32] *United States v. Doggart*, 947 F.3d 879, 887 (6th Cir. 2020) (finding a statute to be divisible because the statute's subsections contain varying results of the crime, e.g., bodily injury or death.); *Mathis*, 136 S. Ct. at 2249 (explaining alternative manners of violating the statute, "lawful entry or unlawful entry," are alternative elements defining separate crimes, one of which must be proved to sustain a conviction.)

[33] 18 U.S.C. § 844(i) says that "if death results to any person" the defendant "shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment." 18 U.S.C. § 34 says if the crime "resulted in the death of any person" the defendant "shall be subject also to the death penalty or to imprisonment for life."

-6-

Case No. 3:96-cr-00732
Gwin, J.

have found that such enhancements make a statute divisible.[34]

Because both statutes of conviction are divisible, the Court applies the modified categorical approach when analyzing each statute. To determine which alternative statutory elements formed the basis of Wheeler's convictions, the Court looks at Wheeler's indictment.

Wheeler's indictment charges Wheeler with the following:

Count 1
[W]illfully, and with reckless disregard for the safety of human life, did place and cause to be placed an explosive in a motor vehicle . . . which was being used, operated and employed in interstate commerce, thereby causing the death of Rhonda A. Wheeler . . . .

Count 3
[W]illfully, and with reckless disregard for the safety of human life, did damage, disable, and destroy a motor vehicle . . . which was being used, operated and employed in interstate commerce, thereby causing the death of Rhonda A. Wheeler . . . .

Count 5
[M]aliciously damaged and destroyed, by means of fire and explosive materials a vehicle . . . used in interstate commerce thereby directly and proximately causing the death of Rhonda A. Wheeler . . . .[35]

The indictment demonstrates that Wheeler pleaded guilty to the aggravated forms of both 18 U.S.C. § 33 and § 844(i) because each count includes language showing that the offense resulted in another's death. The Court must therefore determine whether the aggravated forms of each statute continue to be crimes of violence under 18 U.S.C. § 924(c)'s elements clause.

---

[34] *See Alleyne v. United States*, 133 S. Ct. 2151, 2155, 2163 (2013) ("Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."); *see also Knight*, 936 F.3d at 498-99 (6th Cir. 2019) (holding that additional elements carrying increased punishments give rise to a divisible statute) (citing *Mathis*, 136 S. Ct. at 2256 ("[I]f statutory alternatives carry different punishments, then . . . they must be elements.")).

[35] Doc. 9.

-7-

Case No. 3:96-cr-00732
Gwin, J.

### C. Wheeler's Crimes Are Not Crimes of Violence.

To determine whether the aggravated forms of each statute, 18 U.S.C. § 33 and 18 U.S.C. § 844(i), are crimes of violence under 18 U.S.C. § 924(c)'s elements clause, the Court compares the elements of Wheeler's offenses to the elements clause and determines if the underlying offenses can be committed without also violating the elements clause.[36] If so, the offenses do not satisfy the elements clause, and Wheeler's § 924(c) convictions must be overturned.[37]

The underlying statutes, 18 U.S.C. § 33 and 18 U.S.C. § 844(i), each have four elements. First, they both have a mens rea element. Second, they both have required conduct. Third, they each require the conduct to be directed at some property–§ 33 requires the conduct to be directed at "any vehicle," and § 844(i) requires the conduct to be directed at "any building, vehicle or other real or personal property." Fourth, they each require, as a result of the conduct, the death of a person.

The Court analyzes whether the minimum conduct under each element satisfies the elements clause.

### 1. Mens Rea

Both statutes of conviction require a minimum mens rea of recklessness. 18 U.S.C. § 33 requires a defendant to act "willfully . . . or with reckless disregard . . . ."[38] And 18 U.S.C. § 844(i) requires a defendant to act "maliciously," which the Sixth Circuit

---

[36] See *Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016).

[37] See *id.*; see also *Cradler v. U.S.*, 891 F.3d 659, 667 (6th Cir. 2018).

[38] See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding "[t]he criminal law . . . generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware."); see also *United States v. Rodriguez*, 880 F.3d 1151, 1161 (9th Cir. 2018) (holding the term "reckless disregard" necessarily includes the "[the defendant's] disregard[ ] [of] a risk of harm of which [the defendant] is aware") (quoting *Farmer* 511 U.S. at 837 (1994)).

-8-

Case No. 3:96-cr-00732
Gwin, J.

has determined means "intentionally or with willful disregard."[39]

The elements clause requires "the use, attempted use or threatened use of physical force."[40] The ordinary meaning of "use" is the "act of employing," a volitional act.[41] A volitional act includes reckless conduct.[42]

Because the minimum mens rea that can violate both statutes, recklessness, would also satisfy the mens rea of the elements clause, the statutes' first element satisfies the elements clause.

### 2. Required Conduct

Each statute requires certain conduct. Under 18 U.S.C. § 844(i) the defendant must "damage or destroy . . . by means of fire or explosive." According to Wheeler's indictment, Wheeler's two 18 U.S.C. § 33 convictions relied on alternative forms of the statute which require different conduct. In Count 1, Wheeler violated the portion that requires "plac[ing] or caus[ing] to be placed an explosive device," and, under Count 3, Wheeler violated the prohibition against "destroy[ing], damag[ing] or disabl[ing]" a motor vehicle.

The elements clause requires "physical force" which is "force capable of causing physical pain or injury to another person."[43] The use of "dangerous weapons, explosives, or fire," constitutes physical force.[44]

---

[39] *United States v. Dye*, 538 F. App'x 654, 660 n. 2 (6th Cir. 2013) (holding that the undefined term "maliciously" in § 844(i) means acting "intentionally or with willful disregard of the likelihood that damage or injury would result from his or her acts").

[40] 18 U.S.C. § 924(c)(3)(A).

[41] *Voisine v. United States*, 136 S. Ct. 2272, 2278-79 (2016).

[42] *Id.*; *United States v. Verwiebe*, 874 F.3d 258, 262-263 (6th Cir. 2017); *Walker v. United States*, 769 F. App'x 195, 199 (6th Cir. 2017), *cert. denied* 139 S. Ct. 63 (2018) (holding recklessness satisfies "the use or attempted use of physical force.")

[43] *Doggart* at 947 F.3d at 887-88.

[44] *Id.*

-9-

Case No. 3:96-cr-00732
Gwin, J.

Violations of 18 U.S.C. § 844(i) satisfy the elements clause because they necessarily involve the use of fire or explosives.

Likewise, Wheeler's 18 U.S.C. § 33 convictions also satisfy the elements clause. In Count 1, the statute involves an explosive device, which as stated above, constitutes physical force. Count 3 requires force capable of damaging, disabling, or destroying a motor vehicle. While the Sixth Circuit has not directly opined as to whether a violation of this element necessarily involves "physical force," other courts have found that damaging, disabling, or destroying an object necessarily requires the use of physical force.[45] And the Sixth Circuit has said that "[p]hysical force . . . [is] a force capable of causing . . . damage to property."[46] The Court concludes, therefore, that Count 3 also satisfies the "physical force" element of crime of violence.

### 3. Directed at Property and Resulting in Death

Both 18 U.S.C. § 33 and 18 U.S.C. § 844(i) have elements that require that the prohibited conduct be directed at property. Specifically, § 33 requires the conduct to be directed at "any vehicle" and § 844(i) requires the conduct to be directed at "any building, vehicle or other real or personal property."

As Wheeler points out, both statutes of conviction can be violated by destroying any property or motor vehicle, including one's own property, whereas the elements clause

---

[45] The Court recognizes that there is a circuit split regarding the amount of force necessary to be considered "physical force" when used against property. The Court agrees with the Second Circuit which has held that if force capable of causing physical injury is applied to property, it is considered "physical force." *United States v. Hill*, 890 F.3d 51, 57-58 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019) (assuming that physical force "means no more nor less than force capable of causing injury . . . to property"). *But c.f. Bowen*, 936 F.3d at 1103-1104 (10th Cir. 2019) (holding that "property crimes of violence . . . require <u>violent</u> force, not merely the force required to damage property") (emphasis in original). The Court does not find it necessary that the force is violent or brutal, only that it is force capable of "injuring" property.

[46] *Doggart* at 947 F.3d at 887-88.

-10-

Case No. 3:96-cr-00732
Gwin, J.

specifies that the force must be against "the person or the property of *another*."[47]

Multiple courts, including the Supreme Court, have held that statues requiring destruction of "any property" include one's *own* property and sweep more broadly than the "physical force against the person or property *of another*" element.[48]  Therefore, both statutes could be violated by destroying one's own property without satisfying the elements clause's requirement that force be used against the property of another.

But none of these cases dealt with aggravated violations, such as those here, which contain a person's death as a necessary element of the crimes.  In light of the fact that Wheeler's statutes of conviction require a person's death, and the elements clause only requires physical force against the "property of another" or "the person," the Government argues that violations of the aggravated forms of § 33 and § 844(i) will always satisfy the force against "the person" requirement and that it does not matter if force against the "property of another" is satisfied.[49]

The Court must determine whether it is possible for a violation of § 844(i) or § 33 to result in another's death without the use of physical force against a *person.*  If it is possible to violate the aggravated statutes by destroying property and causing a person's death without using force against a person, then Wheeler's convictions must be overturned, because the elements clause is not satisfied.

Physical force against a person requires force to actually strike such person, even if

---

[47] Doc. 92 at 13-19 (emphasis added).
[48] *Torres v. Lynch*, 136 S. Ct. 1619, 1629-30 (2016); *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2773 (2019); *United States v. Lecron*, No. 3:19CR4, 2019 WL 2774297, at *4 (N.D. Ohio July 2, 2019).
[49] Doc. 91 at 21.

-11-

Case No. 3:96-cr-00732
Gwin, J.

the force is applied indirectly.[50] For instance, a defendant who throws a plate against a wall which shatters and cuts another person is using force against that person if the victim is "actually struck" by the plate shards ricocheting off the wall.[51]

Both 18 U.S.C. §§ 844(i) and 33 require force directly against some property. Thus, an offender must apply force directly to property, and if it *actually strikes* another person who subsequently dies, then the force is also against a person, and the elements clause would be satisfied.

But an offender can realistically violate the aggravated forms of § 33 and § 844(i) without actually *striking the victim*.[52] This is because neither statute requires the Government to prove that the force of the offender's crime is the immediate cause of the victim's death.[53] For example, the Sixth Circuit affirmed a defendant's conviction of the aggravated form § 844(i) for starting a fire, which never touched the victim who died. Instead, the victim, a firefighter who had prior heart conditions, suffered a heart attack from the strain of fighting the fire and subsequently died.[54] So although setting the fire satisfied § 844(i), it would not satisfy § 924(c)'s elements clause if the fire was set in the defendant's own home, because the defendant did not use force against the victim firefighter or the

---

[50] *Banks v. United States*, 773 F. App'x. 814, 822 (6th Cir. 2019) ("noting that a defendant uses physical force whenever his volitional act sets into motion a series of events that results in the application of a force capable of causing physical pain or injury to another person") (internal citations and quotations omitted).

[51] *Voisine* 136 S. Ct. at 2279; *Higdon v. United States*, 882 F.3d 605, 608 (6th Cir. 2018) (finding that force against a person requires that it comes into contact with the person).

[52] The Court reaches this conclusion keeping in mind the necessity that, in determining whether a defendant could violate the statutes without violating the elements clause, the Court must consider the "realistic probability" that the statute would be applied to such conduct as opposed to creating scenarios in the "legal imagination." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[53] 18 U.S.C. § 844(i) (requiring the conduct to be the "direct or proximate" cause of the victim's death); 18 U.S.C. § 34 (requiring that the crime "result[s] in the death of any person"); *Burrage v. United States*, 571 U.S. 204, 210-11 (2014) (holding that "results from" criminal conduct imposes a "but-for" requirement, that is but for the criminal conduct, the victim would not have died).

[54] *United States v. Pritchard*, 964 F.3d 513, 521-22 (6th Cir. 2020).

-12-

Case No. 3:96-cr-00732
Gwin, J.

property of another.

To clarify this point, a defendant may use an explosive device on *his own car*, causing a fire and requiring emergency response. The responder may die as a result of the stress caused by performing his duties. The conduct would violate § 844(i) and § 33 but would fall outside the scope of § 924(c)'s elements clause because it involves no force against *another's* property or against another person.

The Court therefore concludes that the aggravated forms of 18 U.S.C. § 844(i) and § 33, which require a resulting death, do not necessarily satisfy the element clause's "force against the person or property of another" requirement.

Because the Court finds that the aggravated forms of the statutes do not satisfy 18 U.S.C. § 924(c)'s elements clause, Wheeler's convictions under that statute should be overturned.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner's 28 U.S.C. § 2255 motion.

IT IS SO ORDERED.

Dated: September 1, 2020          *s/          James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE