UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA
    PLAINTIFF,

vs.

ROBERT WHEELER,
    DEFENDANT.

CASE #: 3:96-CR-00732-001

HON. JAMES GWIN

| AUSA Alissa M. Sterling | Harold Gurewitz (P14468) |
|---|---|
| U.S. Attorneys Office | Gurewitz & Raben, PLC |
| Four Seagate, Third Floor | 333 W. Fort Street, Suite 1400 |
| Toledo, OH 43604 | Detroit, MI 48226 |
| (419) 259-6376 | (313) 628-4733 |
| Email: Alissa.Sterling@usdoj.gov | Email: hgurewitz@grplc.com |

## MOTION TO ALTER OR AMEND JUDGMENT

Now Comes Petitioner Robert Wheeler by counsel and moves this Court pursuant to Rule 59(e) F Rule Civ P  for an order to alter or amend the Order of this Court dated September 1, 2020 so as to require that Robert Wheeler be resentenced on the remaining counts of his Indictment, Counts 1, 3 and 5, and that this Court direct the Probation Department to prepare an updated Presentence Report to be used in this process. For his reasons, he states as follows and relies on the Brief attached to this motion:

1.     Mr. Wheeler entered guilty pleas to all six counts of his Indictment on February 5, 1997. He was charged in that Indictment with: Count 1 -

        Destruction of a Motor Vehicle, 18 U.S.C. § 33; Count 2 - Use of a Dangerous Device in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Count 3 - Destruction of a Motor Vehicle, 18 U.S.C. § 33; Count 4 - Use of a Dangerous Device in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Count 5 - Malicious Damage to a Vehicle, 18 U.S.C. § 844(i); and, Count 6 - Use of a Dangerous Device in Relation to a Crime of Violence, 18 U.S.C. § 924(c).

2.    Mr. Wheeler was sentenced on June 11, 1997 to two consecutive life terms as follows: life on Counts 1, 3 and 5 to be served concurrently, and life on Counts 2, 4 and 6 to be served concurrently and consecutively to the sentences imposed on Counts 1, 3 and 5.

3.    Mr. Wheeler filed a motion on April 16, 2019 pursuant to 28 U.S.C. § 2244 in the United States Court of Appeals for the Sixth Circuit for authorization to file a second or successive motion in this Court pursuant to 28 U.S.C. §2255 in order to challenge his convictions for violations of 18 U.S.C. §924(c) in Counts 2, 4 and 6 of his indictment for the reason that alleged predicate offenses in violations of that statute (those offenses charged in Counts 1, 3 and 5 of his Indictment) were no longer crimes of violence within the meaning of pertinent law based on intervening precedent.

4. The Sixth Circuit Court of Appeals granted Wheeler's motion on October 30, 2019, and on October 31, 2019, Wheeler filed his motion in this Court pursuant to 28 U.S.C. § 2255 asking to vacate his convictions on Counts 2, 4 and 6. (ECF 87). Wheeler's motion also asked this Court to order that he be resentenced if it granted his requested relief. This Court granted Wheeler's motion on September 1, 2020 and ordered his convictions on Counts 2, 4 and 6 vacated.

5. Mr. Wheeler now brings this motion to ask this Court to order that he be resentenced on Counts 1, 3 and 5 in accordance with *Pepper v. United States*, 562 U.S. 476, 507 (2011) and the sentencing package doctrine, *Greenlaw v. United States*, 554 U.S. 237, 253 (2008), because he was originally sentenced on six counts, three of which have now been ordered vacated. ("Because a district court's "original sentencing intent may be undermined by altering one portion of the calculus, " *** an appellate court when reversing one part of a defendant's sentence "may vacate the entire sentence . . . so that on remand, the trial court can reconfigure the sentencing plan . . . to satisfy the sentencing factors in 18 U.S.C. §3553(a).") *Pepper* at 507. It is also requested that this Court order an updated Presentence Investigation Report as part of the resentencing

procedure because of the substantial time that has elapsed since Mr. Wheeler was initially sentenced in 1997. ("There is no question that this evidence of Pepper's conduct since his initial sentencing constitutes a critical part of the "history and characteristics" of a defendant that Congress intended sentencing courts to consider.") *Id.* at 492.

Wherefore, for all of these reasons, and for those additional reasons discussed in his attached brief, it is respectfully requested that this Court amend its Order dated September 1, 2020 to include resentencing and preparation of an updated Presentence Investigation Report for use in that process.

                                            Respectfully Submitted,

                                            **GUREWITZ & RABEN, PLC**

                              By:   s/Harold Gurewitz
                                        333 W. Fort Street, Suite 1400
                                        Detroit, MI 48226
                                        (313) 628-4733
                                        Email:  hgurewitz@grplc.com
Date:September 23, 2020            Attorney Bar Number:  14468

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**
    **PLAINTIFF,**

vs.

**CASE #: 3:96-CR-00732-001**

**HON. JAMES GWIN**

**ROBERT WHEELER,**
    **DEFENDANT.**

| | |
|---|---|
| AUSA Alissa M. Sterling | Harold Gurewitz (P14468) |
| U.S. Attorneys Office | Gurewitz & Raben, PLC |
| Four Seagate, Third Floor | 333 W. Fort Street, Suite 1400 |
| Toledo, OH 43604 | Detroit, MI 48226 |
| (419) 259-6376 | (313) 628-4733 |
| Email: Alissa.Sterling@usdoj.gov | Email: hgurewitz@grplc.com |

**BRIEF IN SUPPORT OF WHEELER'S**
**MOTION TO ALTER OR AMEND JUDGMENT**

**I.**     **INTRODUCTION**

Defendant Robert Wheeler brings this motion to amend the Order entered September 1, 2020 vacating his convictions on Counts 2, 4 and 6, to ask this Court to also order that he be resentenced on the remaining counts of his convictions, Counts 1, 3 and 5, and that this Court order the preparation of an updated presentence report for use in that process.

**II.**     **DISCUSSION**

28 U.S.C. §2255(b) provides four alternative remedies "as may appear appropriate" once the court has determined that the defendant is entitled to relief

and vacates or sets aside the defendant's judgment in his criminal case. It may: (1) discharge the defendant from custody; (2) resentence; (3) grant a new trial; or (4) correct the sentence. 28 U.S.C.§2255(b). Here, where Defendant W heeler's three convictions for violating §924(c) have been "overturned," (ECF 93: Order at 13), this Court is authorized "to resentence [the] defendant who has secured reversal of a §924(c) conviction under §2255." *Ajan v. United States* 731 F.3d 629, 631 (6th Cir. 2013).

For example, in *United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), although on direct appeal rather than §2255 review as in this case, where the court held that Mr. Salas's conviction under §924(c) was clearly erroneous, it remanded with instructions to vacate that conviction and to resentence him on remaining counts for arson related offenses.

This Court should resentence Mr. Wheeler on Counts 1, 3 and 5 because it has vacated his §924(c) convictions on Counts 2, 4 and 6. *United States v. Saikaly*, 207 F.3d 363, 369 (6th Cir. 2000)("The policy underlying the presumption of de novo sentencing is to give the district court discretion in balancing all the competing elements of the sentencing calculus.").

This Court should make a *de novo* determination of all of the §3553(a) sentencing factors and reevaluate "the entire aggregate sentence," *Pasquarille v.*

-2-

*United States,* 130 F.3d 1220, 1222,(6th Cir. 1997), without the limitations of mandatory guidelines that applied for Counts 1, 3 and 5 at the time of Mr. Wheeler's sentencing in 1997. *Pepper*, 562 U.S. at 490 ("Accordingly, although the "Guidelines should be the starting point and the initial benchmark,"district courts may impose sentences within statutory limits based on appropriate considerations of all of the factors listed in 3553(a), subject to appellate review of "reasonableness."). This Court may then consider "evidence of [Wheeler's] conduct since his initial sentencing [because it] constitutes a critical part of the 'history and characteristics' of a defendant that Congress intended sentencing courts to consider," *Pepper,* at 492; and may do so because it "also sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence." *Id*.

### III. CONCLUSION

It is respectfully requested that this Court amend its Order to require preparation of an updated Presentence Investigation Report and resentencing on Counts 1, 3 and 5.

Respectfully Submitted,

**GUREWITZ & RABEN, PLC**

|  |  |
|---|---|
|  | By: s/Harold Gurewitz |
|  | 333 W. Fort Street, Suite 1400 |
|  | Detroit, MI 48226 |
|  | (313) 628-4733 |
|  | Email: hgurewitz@grplc.com |
| Date:September 23, 2020 | Attorney Bar Number: 14468 |

### CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s Harold Gurewitz (P14468)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4733
email: hgurewitz@grplc.com